UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>v.<br><br>RAYMOND RAPUANO,<br><br>                  Defendant. | **OPINION & ORDER**<br><br>2:14-cr-00646 (WHW) |

**Walls, Senior District Judge**

Petitioner Raymond Rapuano was indicted on allegations he provided bribe payments to individuals associated with the New Jersey Transit to secure landscaping contracts for his business. *See* ECF No. 1. On July 24, 2014, Rapuano pled guilty to a violation of 18 U.S.C. § 666(a)(2). ECF No. 5. On November 3, 2015, Rapuano was sentenced to a probation term of four years with nine months of home confinement. *See* ECF Nos. 8 and 9. Rapuano now moves to terminate his probation early pursuant to 18 US.C. § 3564(c). For the reasons that follow, Defendant's motion is denied.

A motion for early termination of probation pursuant to 18 US.C. § 3564(c) "expressly require[s] consideration of 3553(a) factors." *United States v. Floyd*, 491 F. App'x 331, 333 (3d Cir. 2012). "The factors in 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for defendants with similar characteristics

under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." *United States v. Vene*, No. CR 14-0612, 2017 WL 5140512, at *1 (D.N.J. Nov. 6, 2017) (internal quotations omitted). The sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Laine*, 404 F. App'x 571, 572 n. 1 (3d Cir. 2010) (quoting 18 U.S.C. § 3583(e)(1)).

Petitioner Rapuano requests early termination "primarily due to the excessive administrative burden" of probation. ECF No. 12 at 1. Mr. Rapuano says that he is responsible "for maintaining a family home in Killington, Vermont," which requires his attention "for inspections and to perform or oversee aspects of the construction." *Id.* at 1-2. Mr. Rapuano's high school daughter will also be considering the University of Vermont for college, and Petitioner plans to bring her to the school for visits. *Id.* at 2. Mr. Rapuano also states he was advised by his Probation Officer, Mr. Jamel H. Rucks-Dorsey, "to approach the Court for future requests to travel to Vermont to request a blanket travel pass, with the consent of his Office that such a pass be granted." *Id.* The Probation Office apparently "consents to issuance of such a travel pass if the Court determines not to terminate probation early." *Id.*

As this Court has found in similar cases, "Defendant did not serve time in prison for the felony he pled to, and instead his sole non-monetary punishment was [four] years of probation, of which he has served more than three. Probation ensures Defendant is a productive and law-abiding member of society by allowing the Probation Office to periodically check in on his progress, and the Court does not believe Defendant has made the requisite showing that warrants

his probation to be terminated." See *U.S. v. Braden*, No. 2:13-cr-00819-WHW (D.N.J. October 9, 2018). The same is true here. Defendant's motion for early termination of probation is denied. However, it is hereby ORDERED that Petitioner is permitted to travel to and from Vermont during the remaining term of his probation so long as he provides advance notice to the Probation Office.

DATE: 16 April 2019

William H. Walls
Senior United States District Court Judge